IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CR360 |
| | ) | |
| v. | ) | |
| | ) | |
| ALEJANDRO MANUEL BONILLA-FILOMENO, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant Alejandro Manuel Bonilla-Filomeno's (hereinafter "defendant") motion to vacate, set aside, or correct sentence because of an allegation of ineffective assistance of counsel pursuant to 28 U.S.C. § 2255 (Filing No. 143). Defendant alleges that his counsel's, Michael D. Nelson's, ("Mr. Nelson") assistance was ineffective for not appealing the denial of his objection to a jury instruction and further reasserts three issues of appeal that were previously rejected by the United State Court of Appeals for the Eighth Circuit. Upon reviewing the motion, supporting brief, opposing brief, and the relevant law, the Court finds the motion should be denied.

**I. BACKGROUND**

On or about October 4, 2002, defendant was indicted for one count of knowingly and intentionally possessing with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. 21 U.S.C. § 841(a)(1). On May 29, 2009, defendant

was found guilty of this count by a jury in this Court.  After the close of evidence at defendant's trial, closing arguments were made and this Court instructed the jury on the elements of the charged offense.  The jury did not deliberate that evening after receiving the jury instructions.  The next day, before deliberations began, the Government filed a motion to submit a supplemental jury instruction in regard to Instruction No. 9 (Filing No. 85).  The motion stated:

> [T]he Court instructed the jury that one of the elements for the crime of possession with intent to distribute was that "the defendant knew he was in possession of cocaine."  The Court further instructed the jury that in order to have aided and abetted the crime, the defendant must "have known that the substance which was possessed with intent to distribute was cocaine."  The Model Instruction from the Eighth Circuit related to the possession with intent to distribute controlled substance, jury instruction 6.21.841(a), indicates instead that the "defendant knew that he was in possession of [a controlled substance] [describe substance (e.g., cocaine)]; footnote 2."  Note 2 of the Eighth Circuit Model Instructions states that "the defendant need not know what the controlled substance is if he knows he has possession of some controlled substance.  *See, United States v. Gonzales*, 700 F.2d 196, 200-01 (5th Cir. 1983).

*Id.*  A hearing was held regarding this motion, and Mr. Nelson objected to it.  This Court granted the Government's motion, finding that the supplemental instruction was properly supported by case law.

On August 28, 2008, defendant was sentenced to 120 months of imprisonment with a five-year term of supervised release and $100.00 special assessment.  On October 14, 2008, defendant filed a notice of appeal with the Eighth Circuit.  On appeal, defendant raised three issues, all of which are repeated as Grounds One, Two, and Three in the instant § 2255 motion:

> 1) this Court erred by finding defendant's speedy trial right had not been violated;
>
> 2) this Court erred when it enhanced defendant's sentence pursuant to USSG § 3B1.1(c); and
>
> 3) this Court erred in finding defendant was not eligible for safety valve relief.

Defendant's appeal, however, did not raise the issue of the denial of Mr. Nelson's objection to the jury instruction.

The Eighth Circuit affirmed defendant's conviction and sentence on September 1, 2009.  On August 31, 2010, defendant filed this motion pursuant to § 2255 in this Court.  Defendant is currently incarcerated at F.C.I., Safford, Arizona.

## II. STANDARD OF REVIEW

To establish a claim of ineffective assistance of counsel under the Sixth Amendment, defendant must demonstrate "that [his] counsel's performance was deficient" and "that the deficient performance prejudiced [him]." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The performance must have contained "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* In order to succeed on this claim, defendant must show that his counsel's performance was deficient "under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotation marks omitted).

## III. DISCUSSION

"Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on § 2255." *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). Moreover, defendant has not alleged either a change in the law since his direct appeal, or newly discovered evidence that would warrant review of issues raised on his direct appeal to the Eighth Circuit. *See English v. United States*, 998 F.2d 609, 613 (8th Cir. 1993). Thus, the three issues defendant has raised in this motion that were raised on his appeal are foreclosed.

As to the remaining issue, defendant bears the burden of proving that Mr. Nelson was ineffective and that defendant was prejudiced as a result. *Holloway v. United States*, 960 F.2d 1348, 1355 (8th Cir. 1992). Defendant claims that Mr. Nelson's failure to appeal the denial of his objection to the jury instruction was ineffective and prejudiced defendant, and also that the jury instruction constructively amended defendant's indictment. (§ 2255 pp. 25-30). Not only is there no evidence in the record that Mr. Nelson, an experienced trial attorney, performed inadequately prior to, during, or after defendant's trial, but it was at the time of defendant's trial and still is the law in the Eighth Circuit that "a defendant may be convicted of a drug conspiracy violation without proof that he knew the precise drug he conspired to possess and distribute." *United States v. Sheppard*, 219 F.3d 766, 770 (8th Cir. 2000) (citing *United States v. Begnaud*, 783 F.2d 144, 147-48 (8th Cir. 1986)). Furthermore, the language in defendant's indictment -- knowingly and intentionally possess with intent to distribute more than five kilograms of cocaine, in violation of § 841(a)(1) -- provided defendant with "adequate notice of the offense the [G]overnment proved at trial, and the jury instruction [that Mr. Nelson objected to] properly stated the law" and did not constitute a material variance with the indictment. *Id.* Therefore, defendant has not established a claim of ineffective

assistance of counsel under the Sixth Amendment or the *Strickland* test warranting this Court to vacate, set aside, or correct his sentence, and defendant's motion will be denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 10th day of December, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court